IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**NANCY LEWIS,**

    Plaintiff,

vs.                                                             Civ. No. 09cv16 MCA/ACT

**RIO GRANDE SUN,**

    Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition on Application to Proceed In Forma Pauperis ("Proposed Findings and Recommended Disposition") filed April 3, 2009 [Doc. 5]. Plaintiff filed her Objection to Proposed Disposition ("Objection") on April 14, 2009 [Doc. 6]. The Court finds that Plaintiff's Objection is without merit.

The Magistrate Judge in his Proposed Findings and Recommended Disposition recommended that the Court dismiss Plaintiff's Complaint for failure to allege sufficient facts to state a claim that invokes federal jurisdiction. Specifically, Plaintiff did not allege copyright registration which is a jurisdictional prerequisite to a copyright infringement action.

In her Objection, Plaintiff asserts that she can bring her copyright infringement claim under the Lanham Act as the Lanham Act does not require copyright registration as a jurisdictional prerequisite.

Plaintiff cannot prevail under the Lanham Act.  The Lanham Act creates a cause of action against:

> "[a]ny person who...uses in commerce...any false designation of origin..., which is likely to cause confusion, or to cause mistake, or to deceive as to...the origin...of...goods, services, or commercial activities by another person."

15 U.S.C. §1125(a)(1)(A).  Thus, in order to prevail on a claim under the Lanham Act, Plaintiff must prove both a false designation and public confusion.

Plaintiff asserts in her Complaint that Defendant published a news story written by her without her byline and made unauthorized changes so extensive to her article that these changes rose to a copyright infringement.  Plaintiff does not allege in her Complaint that there was any false designation as to origin but rather that she was not properly given credit and that Defendant made changes to her story. These allegations do not support a claim under the Lanham Act which requires a false designation.  The United States Supreme Court has held that the Lanham Act does not allow a claim for failing to give credit for uncopyrighted material. *Dastar Corp. V. Twentieth Century Fox film Corp*., 539 U.S. 23 (2003) ; *Chalfant v. Tubb*, 453 F. Supp. 2d 1308 (N.D. Okla. 2006).  ("*Dastar* clarified that, under the Lanham Act, the alleged injury "must be a *trademark* loss–which is to say, it must come from a misrepresentation of the goods' origin." (citations omitted)*;* To allow such a claim "would simply transform every copyright action into a Lanham Act action as well." *Murray Hill Publications, Inc., v. ABC Communications, Inc.,* 264 F.3d 622, 634 (6th Cir. 2001).

The Supreme Court stated in *Dastar* that "[t]he words of the Lanham Act should not be stretched to cover matters that are typically of no consequence to purchasers.  *Dastar*, 539 U.S. at 32.  The allegations in Plaintiff's Complaint is that she suffered harm.  There are no allegations of any consequences to the purchasers of the Defendant.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Magistrate Judge's Proposed Findings and Recommended Disposition on Application to Proceed In Forma Pauperis are adopted and Plaintiff's Complaint is dismissed without prejudice.

**SO ORDERED** this 17th day of April, 2009.

_____
**M. CHRISTINA ARMIJO**
**United States District Judge**